## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### MORGAN V. COMMONWEALTH.

#### JUNE 29th, 1893.

INDICTMENT—*Sale of Liquor—Evidence—New Trial.*—Indictment for unlawful sale of ardent spirits, charged that the offence was committed in a certain district where, under the local option law, "no license" prevailed. The evidence was that the defendant sold ardent spirits to witness in the county, but did not designate the district. Defendant moved to set aside the verdict of "guilty as charged in the indictment," and for a new trial; which motion was overruled.

HELD:

The motion should have been sustained.

Error to judgment of circuit court of Montgomery county, affirming a judgment of the county court of said county, whereby the plaintiff in error, Daniel Morgan, was adjudged guilty of selling liquor unlawfully and fined $125 and sentenced to imprisonment for sixty days in the county jail. Opinion states the case.

*Hoge & Hoge*, for plaintiff in error.

*Attorney-General R. Taylor Scott*, for commonwealth.

LACY, J., delivered the opinion of the court.

The case is as follows:

The plaintiff in error was indicted in the said county court on the 24th day of February, 1891, by a special grand jury,

that he did, in Auburn magisterial district, in Montgomery county, within twelve months next preceding the indictment, unlawfully sell wine, spirituous and malt liquors, and a mixture thereof, to R. L. Shanklin. The jury, on the trial, found him guilty as charged in the indictment, and fixed his fine at $125, and the court ascertained his term of imprisonment at sixty days. The plaintiff in error moved the court to set aside the verdict and grant to him a new trial, which motion the court overruled, and rendered judgment on the verdict. And the accused excepted, and tendered his bill of exceptions, which was signed and sealed and made a part of the record. Wherein the court certified that, upon the trial of the case, the commonwealth proved by the witness Shanklin that he purchased from defendant a pint of brandy in West Radford, in Montgomery county, twelve months before the finding of the indictment, and that the defendant had the appearance of a bar; and then proved by the depot agent at Radford that there was a shipment of spirits to one D. Morgan; that the same was delivered to draymen, and that he did not know that same was delivered to the defendant, nor that the defendant was the owner of the same.

The jury, in their verdict, found the defendant guilty as charged in the indictment, and fixed his fine at $125.

The first question we will consider is the action of the court in refusing to set aside the verdict and grant a new trial on the motion of the defendant. The indictment charged that the unlawful act was committed in Auburn magisterial district, and was essential, as the vote on " license " or " no license " is required to be held by districts and not by counties.

It was said by Samuels, J., in the case of the *Commonwealth* v. *Head*, 11 Gratt., p. 819: " An indictment or presentment should always allege the offence with so much fullness and precision of description that the defendant may know for what he is prosecuted, and thereby be enabled to prepare his defence; and further that the conviction or acquittal

may be pleaded in bar of any future prosecution for the same offence."

This offence is local in its nature; place is of its essence, and yet no place is alleged, but the whole county, and the indictment was held bad. So it is an essential that the place shall be set forth.

The evidence does not prove that it was in the Auburn district, but at a place in Montgomery county, whether in Auburn district or not does not appear. The action of the county court in refusing to set aside the verdict, and rendering judgment on the verdict was erroneous, and the said action of the said county court ought to have been set aside and reversed.

We are therefore of opinion to reverse the action of the circuit court and rendering such judgment as said circuit court ought to have rendered, to reverse the judgment of the said county court and remand the case to the said county court of Montgomery county for a new trial in the case, which will be ordered to be certified to the said county court of Montgomery county.

FAUNTLEROY, J., dissented.

JUDGMENT REVERSED.